Filed 7/7/23  Williams v. De Anda Enterprises CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| AMY WILLIAMS, | |
| Plaintiff and Appellant, | G060609 |
| v. | (Super. Ct. No. 30-2015-00820833) |
| DE ANDA ENTERPRISES, INC. | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Richard J. Oberholzer, Judge.  Affirmed.

B&D Law Group, Daniel D. Geoulla, Michael B. Geoola, Mahsa Farid; Law Offices of Clinton Ehrlich and Clinton E. Ehrlich for Plaintiff and Appellant.

Hall Griffin and John T. Griffin for Defendant and Respondent.

\*          \*          \*

Plaintiff Amy Williams appeals from a judgment entered against her after a jury trial on her negligence and premises liability claims against defendant De Anda Enterprises, Inc., which owned and operated a restaurant at which she slipped and fell. Plaintiff contends the trial court erred by admitting a sample floor tile offered by defendant into evidence, permitting the jury to examine and inspect the tile during deliberation, and making hostile or prejudicial comments with the jury present. We conclude these arguments lack merit and affirm.

FACTS AND PROCEDURAL HISTORY

Plaintiff Amy Williams visited defendant's restaurant in 2013. It was drizzling. While carrying her order out of the restaurant, plaintiff slipped and fell on floor tiles outside the restaurant. She was seriously injured.

Plaintiff sued defendant for negligence and premises liability. At trial, plaintiff and defendant each offered testimony from an expert witness regarding the slip resistance of the tiles outside the restaurant. Defendant's expert testified her testing of the tiles outside the restaurant showed a very high slip resistance, meaning the slipperiness of the floor surface was not likely the cause of plaintiff's fall. Plaintiff's expert testified he also found the slip resistance of the tiles to be adequate at the time of his testing. However, he also opined this type of tile would become less slippery over time with wear, and therefore the testing he and defendant's expert conducted was not necessarily indicative of the condition of the tile years earlier on the day of the accident.

In response to plaintiff's expert's criticism, defendant's expert tested a sample piece of unused tile provided by defendant. This testing showed higher slip resistance on the unused tile than the worn tile. The defense also produced an unused replacement tile of the same type, purchased in 2018. The unused tile tested by defendant's expert was another replacement tile, purchased at the same time. Over plaintiff's objection, the unused replacement tile produced by the defense at trial was

2

admitted into evidence. At the conclusion of the trial, the jury deliberated for 52 minutes (interrupted by a lunch break of approximately 90 minutes) and rendered a verdict in favor of defendant.

The trial court entered judgment in favor of defendant. Plaintiff moved for a new trial, but the motion was denied, and plaintiff timely appealed.


DISCUSSION

On appeal, plaintiff raises three issues: the trial court's admission into evidence of the unused replacement tile, the jury's inspection of that tile in deliberation, and various comments by the trial court, which plaintiff characterizes as hostile and prejudicial. We conclude plaintiff's contentions on these issues lack merit. We begin with the evidentiary issue.


1. *The Trial Court Did Not Abuse its Discretion by Admitting the Unused Tile*

As plaintiff concedes, we review evidentiary issues for abuse of discretion. (*Qaadir v. Figueroa* (2021) 67 Cal.App.5th 790, 803.) Further, "[a]n evidentiary '"error is not reversible unless '"it is reasonably probable a result more favorable to the appellant would have been reached absent the error."'"'" (*Id.* at p. 805.)

Plaintiff raises several objections to the trial court's decision to admit the unused tile into evidence. First, plaintiff argues defendant failed to establish a "chain of custody" for the unused tile. In support of this contention, plaintiff cites *People v. Catlin* (2001) 26 Cal.4th 81 (*Catlin*), a death penalty case involving contentions over the chain of custody of certain tissue samples from the decedent's corpse that were subsequently analyzed in a laboratory. (*Id.* at p. 133.) The actual objection considered in *Catlin* was made to expert testimony arising from that analysis. (*Ibid.*)

The Supreme Court held, "In a chain of custody claim, '"[t]he burden on the party offering the evidence is to show to the satisfaction of the trial court that, taking all the circumstances into account including the ease or difficulty with which the particular evidence could have been altered, it is reasonably certain that there was no alteration. [¶] The requirement of reasonable certainty is not met when some vital link in the chain of possession is not accounted for, because then it is as likely as not that the evidence analyzed was not the evidence originally received. Left to such speculation the court must exclude the evidence. [Citations.] Conversely, when it is the barest speculation that there was tampering, it is proper to admit the evidence and let what doubt remains go to its weight.'"'" (*Catlin*, *supra*, 26 Cal.4th at p. 134.)

This analysis, applied to the tile, supports the trial court's admission of the evidence.[1] The tile was authenticated by defendant's general manager, who testified it was part of the same group of replacement tiles purchased in 2018, which, in turn, were the same "Spanish quarry" tiles used at the restaurant. The general manager testified the replacement tiles had been kept in storage at defendant's corporate office since being purchased. The "chain of custody" therefore runs from purchase in 2018, to storage in defendant's office, to production at trial. No "vital link" of the chain of custody is missing, and there remains only the "barest speculation that there was tampering." (*Catlin*, *supra*, 26 Cal.4th at p. 134.)

Second, plaintiff argues the tile was inadmissible because it was not relevant. Plaintiff points out the tile was (1) not the one upon which plaintiff slipped; (2) undisputedly not installed at the restaurant at the time of the accident; (3) not one of the tiles examined by either expert; and (4) not purchased until after the accident. Certainly, the tile was of somewhat limited relevance for those reasons. However, it was

---

[1] We assume without deciding that this type of rigorous chain of custody analysis applies in civil cases in the same manner as criminal cases, and to admission of physical evidence itself, as opposed to expert testimony based on analysis thereof.

4

nevertheless relevant because it was an example of the type of tile installed at the restaurant, and therefore had a tendency to prove or disprove whether defendant negligently allowed a dangerous condition to exist on its property.

Third, plaintiff argues the tile confused the issues or misled the jury, and its prejudicial effect outweighed its probative value. Again, certainly the tile's relevance was limited. But so too was any prejudicial effect of its admission. Defendant's general manager acknowledged that this tile was a replacement tile, purchased years after the accident, and that it was only of the same type as the tiles upon which plaintiff slipped. Plaintiff was free to argue, and did argue in closing, that the tile was purchased well after the accident and had little relationship with the tiles upon which plaintiff slipped. We cannot say any prejudicial effect of the admission of the tile so exceeded its probative value as to constitute an abuse of the trial court's discretion.

Fourth, plaintiff argues the tile should have been excluded because it was not disclosed in discovery or in the pretrial exhibit list. Plaintiff fails to identify a discovery device calling for the production or identification of the tile and fails to show a defective response by defendant. The pretrial exhibit list, meanwhile, lists "Exemplar Tile" as defendant's exhibit No. 133. Plaintiff argues this referred only to the replacement tile tested by defendant's expert (which was not produced at trial), but plaintiff fails to identify anything in the record supporting this contention. The tile was marked and admitted as exhibit No. 133, in keeping with the pretrial exhibit list.

Finally, plaintiff argues the tile should have been produced by defendant at the issue conference under the Superior Court of Orange County, Local Rules, rule 317. This issue does not appear to have been raised before the trial court. Moreover, there are no declarations or other evidence in the record showing what did or did not happen at the issue conference, or even whether an issue conference took place. Plaintiff, as the appellant, bears the burden of demonstrating that the trial court committed reversible error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) Silence in the record gives rise to a

5

presumption that the trial court acted properly.  (*Id*. at pp. 608-609.)  Those rules defeat plaintiff's argument on this point.  Having rejected plaintiff's objections to the tile, we conclude the trial court properly admitted the tile into evidence.

2. *The Jury's Inspection of the Tile Did Not Require the Court to Grant Plaintiff a New Trial*

Plaintiff argues the jury committed misconduct by physically inspecting the tile.  Plaintiff first raised this issue before the trial court in her motion for new trial.  Her motion contained two declarations from jurors, who indicated they had inspected the tile by rubbing their hands and fingers against it, and by placing it on the ground to step or walk on it.  In opposition to the motion for new trial, defendant produced a declaration from the jury foreperson.  The foreperson's declaration stated the jurors understood that the tile in evidence was not the tile upon which plaintiff slipped and was only an example of the type of tile in question, to be considered on that basis alone.  The foreperson's declaration also stated that he saw only one juror pick up the tile and inspect it, and that the tile was "not seriously discussed or debated by the jury" and "was not relevant to and had no impact on our deliberations and our ultimate decision in this matter."

We review motions for new trial based on jury misconduct for abuse of discretion.  (*Sarti v. Salt Creek Ltd.* (2008) 167 Cal.App.4th 1187, 1213.)  We find no abuse of discretion in the trial court's denial of the motion.  "Not every jury experiment constitutes misconduct."  (*People v. Collins* (2010) 49 Cal.4th 175, 249.)  Instead, "[i]mproper experiments are those that allow the jury to discover *new* evidence by delving into areas not examined during trial. . . .  The jury may weigh and evaluate the evidence it has received.  It is entitled to scrutinize that evidence, subjecting it to careful consideration by testing all reasonable inferences.  It may reexamine the evidence in a slightly different context as long as that evaluation is within the '"scope and purview of the evidence."'"  (*Ibid*.)

6

Even if we resolved the factual and credibility questions raised by the discrepancies between the jury foreperson's account and the accounts of the other jurors in plaintiff's favor (which we may not do), we nevertheless would conclude there was no misconduct here. The principal controverted issue at trial was the slipperiness of the tile at defendant's restaurant at the time of the accident. The tile in evidence was a tile of the same type as that used at the restaurant. Feeling the tile, and even stepping on it, did not "allow the jury to discover *new* evidence by delving into areas not examined during trial." (*People v. Collins*, *supra*, 49 Cal.4th at p. 249.)

### 3. *The Trial Court's Comments Were Appropriate*

Plaintiff argues the trial court prejudiced her by making hostile comments toward plaintiff and her attorney in the presence of the jury. In support of this contention, plaintiff reproduces, in her brief, approximately seven full pages of transcript from the trial, which she characterizes as "some of the more egregious examples of the trial judge's hostility towards [plaintiff] and her counsel." These excerpts from the transcript do not appear to reflect any sort of hostility by the trial judge toward plaintiff or her attorney. By and large, they reflect ordinary rulings on evidentiary objections raised by defense counsel, or ordinary efforts by the court to manage the trial. No abusive, aggressive, or insulting language was used. No personal attacks were made. The trial court does not appear to comment meaningfully on the evidence or express doubt about plaintiff's credibility or theory of the case. We find no error in the trial court's conduct.

DISPOSITION

The judgment is affirmed.  Defendant De Anda Enterprises, Inc., shall recover its costs on appeal.


SANCHEZ, J.

WE CONCUR:


MOORE, ACTING P. J.


DELANEY, J.